**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0898-20

T.Z.S.,

    Plaintiff-Respondent,

v.

A.G.W.[1],

    Defendant-Appellant.

_____

        Submitted November 18, 2021 – Decided January 19, 2022

        Before Judges Alvarez and Mitterhoff.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County, Docket No. FD-08-0814-17.

        Louis G. Guzzo, attorney for appellant.

        Respondent has not filed a brief.

PER CURIAM

---

[1] We use initials to protect the parties' and their minor children's privacy interests. See R. 1:38-3(d).

On October 22, 2020, defendant A.G.W. was denied physical custody of his children, a son born in 2003, and a daughter born in 2006, as well as an order authorizing him to remove them to his home in North Carolina. Plaintiff T.Z.S., the children's mother, has lived with them in New Jersey since approximately 2008. Defendant appeals on the basis that the judge did not interview the children, then aged sixteen and fourteen. We vacate the decision and remand for a new plenary hearing.[2]

Plaintiff currently resides in a two-bedroom apartment with the children, as well as her four-year-old daughter from a second marriage. Defendant also has a child from his second marriage—he owns a five-bedroom home with his wife and seven-year-old daughter.

When the hearing took place, defendant was significantly in arrears on the child support order—the sum exceeded $75,000. He has enjoyed significant parenting time with the children in North Carolina over summers and holiday breaks.

---

[2] It is not clear from this record if the parties participated in mandatory mediation as required by Rule 1:40-5(a) and 5:8-1. On remand, if not previously accomplished, the parties shall participate in mediation as the rules require before proceeding to a hearing.

A-0898-20

Defendant testified that the parties' son, who has been diagnosed with Asperger's Syndrome, told him plaintiff physically assaulted him on one occasion, pushing him to the ground and kicking him. Plaintiff adamantly denied the incident. Defendant also alleged the son reported that plaintiff had given the child "CBD gummies" to treat his anxiety; plaintiff did not respond to the accusation.

Defendant further claimed that plaintiff's former husband was charged with abusing the son, resulting in an open case with the New Jersey Department of Child Protection and Permanency (DCPP). Plaintiff did not respond to this contention either. Finally, defendant asserted the children want to relocate to North Carolina.

Plaintiff acknowledged that working three jobs to make ends meet was difficult. During the summer break, even though she never agreed to it, defendant does not pay child support. Plaintiff claimed he has never paid the full amount of $800 per month he was ordered to pay pursuant to the divorce decree—only sending the family about $300 to $400 per month. In plaintiff's view, defendant's financial obligations were his real motivation for seeking custody.

3

Plaintiff objected to defendant taking the children not only because she questioned his motive, but also because she was concerned about the son's education. He attends vocational school and has since early on received supplemental services including speech therapy, mental health therapy, and an individualized education plan. Plaintiff stated defendant was never involved in the process of ensuring that the son's educational and social needs were met by the school system, even when they were married.

Plaintiff said she never instructed the school not to respond to defendant's inquiries about their son's progress, observing that since he has joint legal custody, the information would be made available to him upon request. Plaintiff expressed great concern that relocating the child would disrupt his comprehensive and effective school plan, which is necessary for him to enjoy any measure of success in the adult world. She said that, having spoken to defendant, it was clear that he had no plan for satisfying the child's special educational needs were he to obtain custody.

Plaintiff also complained that when the children are with their father they do not call or otherwise communicate with her, even though the prior summer she had bought them their own cell phones for that purpose. Defendant had

4

early on forbidden her from speaking to anyone else in the household except him and their children, which made calling his home difficult.

These facts and circumstances were developed during the course of a truncated video platform hearing. The parties were self-represented. The judge did not afford them the opportunity to cross-examine each other, and there was some question about supporting documents that defendant said he had forwarded to the court, but which the judge had not received.

In rendering his decision, the trial judge assumed the children would report they wanted to live with their father. He therefore saw no purpose in conducting an interview with them. Relying on Bisbing v. Bisbing, 230 N.J. 309 (2017), and after reviewing the factors enumerated at N.J.S.A. 9:2-4, the court concluded the move to North Carolina would not be in the children's best interest. The judge focused his decision on the son's educational needs and the judge's own unease regarding defendant's motives in light of his extraordinarily high arrears and unilateral decision to skip paying child support in the summer. The judge did not fully address the allegations of assault or plaintiff giving the son "CBD gummies," or the existence of an open DCPP file involving plaintiff's former husband and the parties' son. The judge merely said he was not provided with adequate proof as to any of those claims.

A-0898-20

Ordinarily, factual findings by a family court judge are binding on appeal. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). This is true, however, only when they are supported by adequate, substantial, credible evidence. Ibid. We review issues of law de novo. R.K. v. F.K., 437 N.J. Super. 58, 61 (App. Div. 2014).

Removal motions are governed by the best interests of the child, and the law on that score is found, as the judge noted, in Bisbing and N.J.S.A. 9:2-4. However, this was not merely a removal case, but was also a request to modify physical custody, requiring defendant to establish proof of changed circumstances, only then followed by an assessment of the child's best interests. See Bisbing, 230 N.J. at 337-38. It is not clear from this record that changed circumstances were established. However, the lack of clarity was created in part by the judge's failure to gather the necessary information so he could make the necessary findings, and unresolved material disputes in fact, which required a more substantial hearing.

A plenary hearing must be conducted where parties raise "a genuine and substantial factual dispute regarding the welfare of the children . . . ." Faucett v. Vasquez, 411 N.J. Super. 108, 128 (App. Div. 2009) (quoting Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007)). Such a hearing is also necessary where a child expresses the desire to reside with the parent seeking relief. Ibid.

A-0898-20

In any event, a plenary hearing means more than the proceeding conducted in this case. The parties did not cross-examine each other. They may have been unaware the option was available since they were self-represented, and the hearing was conducted in unusual circumstances—a video platform as opposed to in a courtroom. The parties simply made statements to the judge under oath. The right of cross-examination is an essential safeguard. J.G. v. J.H., 457 N.J. Super. 365, 373-74 (App. Div. 2019).

Defendant asserted he documented, at least in part, that DCPP had an open file regarding plaintiff's former husband and the parties' son, but the judge did not receive any records. The judge asked a few questions, but he had no paperwork at all, nor were the parties offered the opportunity to present expert testimony.

This is not to say that a full plenary hearing would result in a different outcome. Despite defendant's contentions regarding plaintiff, he offered no explanation as to the reason he continued to accumulate substantial arrears when prompt and full payment of child support could have made a real difference in his children's lives. Nor did he explain why he was not involved with his son's education, when he had the legal right to do so.

A-0898-20

These parties should have that opportunity, assuming changed circumstances are established, to fully develop their positions in order that their children's best interests are truly assessed. The children are older—this too may be a significant factor in any decision ultimately made.

The competing considerations established by the parties require a full plenary hearing, with cross-examination, and reconsideration of whether the children should be interviewed. In this case, it may be that a reasonable exercise of discretion would warrant such interviews, although it was not unreasonable for the judge to assume they would say they wanted to live with their father. The interview decision is discretionary and should be made anew by the judge conducting the second plenary hearing. See D.A. v. R.C., 438 N.J. Super. 431, 455-56 (App. Div. 2014). Thus, we vacate and remand for a full plenary hearing, after mediation.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0898-20